UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

────────────────────────────────X
SPRINGFIELD REMANUFACTURING CORP.,        :
                                          :
            PLAINTIFF,                    :
                                          :
v.                                        :     CASE NO. 1:21-CV-07297-KPF
                                          :
LEADING EDGE POWER SOLUTIONS, LLC         :     STIPULATED CONFIDENTIALITY
                                          :     AGREEMENT AND PROTECTIVE ORDER
AND                                       :
                                          :
BP-LEP HOLDINGS LLC,                      :
                                          :
            DEFENDANTS.                   :
────────────────────────────────X

WHEREAS, all the parties to this action, plaintiff Springfield Remanufacturing Corp., and defendants Leading Edge Power Solutions, LLC and BP-LEP Holdings LLC (hereinafter collectively the "Parties") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public and competitively sensitive documents and information that may be disclosed in connection with discovery in the above-referenced action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored Stipulated Confidentiality Agreement and Protective Order,

IT IS HEREBY ORDERED that any party or person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information or documents that are proprietary, a trade secret or otherwise sensitive non-public information or documents. Information and documents designated by a party as confidential (hereinafter "Confidential Information and Documents") will be stamped "CONFIDENTIAL."

2. The Confidential Information and Documents disclosed will be held and used by the party or person receiving such information and documents solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Stipulated Confidentiality Agreement and Protective Order constitutes (1) an admission by any party that Confidential Information and Documents disclosed in this case are relevant or admissible, (2) a waiver by a Party or person of its right to object to any discovery request or (3) a waiver of any privilege or protection. Each party reserves the right to object to the use or admissibility of Confidential Information and Documents.

4. The Parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any party or person, except:

    a. The requesting party, including its employees and in-house counsel;

    b. Counsel of record in the action, attorneys regularly employed by such counsel, and clerical, paralegal and secretarial staff employed by such

counsel who need to review such Confidential Information and Documents in connection with the action;

c. Independent consultants or experts assisting in the evaluation, prosecution or defense of the above-captioned action, provided that such persons are first given a copy of this Stipulated Confidentiality Agreement and Protective Order and execute the Non-Disclosure Agreement attached hereto as Exhibit A, which Agreement shall be retained by counsel for such party employing such consultant or expert;

d. Any witnesses called to give testimony in the above-captioned action provided that such witnesses are first given a copy of this Stipulated Confidentiality Agreement and Protective Order and execute the Non-Disclosure Agreement attached hereto as Exhibit A, which Agreement shall be retained by counsel calling such witnesses, or provided that such witnesses agree, under oath, to be bound by this Stipulated Confidentiality Agreement and Protective Order;

e. Court reporters or stenographers employed in connection with the above-captioned action who shall be bound by the terms and conditions of this Stipulated Confidentiality Agreement and Protective Order;

d. Any mediator or arbitrator that the Parties engage in the above-referenced matter or that this Court appoints, provided such person has first executed the Non-Disclosure Agreement attached hereto as Exhibit A; and

e. The Court (including the mediator, or other person having access to any Confidential information or documents by virtue of his or her position with the Court).

5. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential. If so designated, the document or information shall thenceforth be treated as Confidential subject to all the terms of this Stipulated Confidentiality Agreement and Protective Order.

6. Any transcript, deposition, exhibit, answer to interrogatories, request for production, request for admissions, or other document(s) which are caused to be filed with the Court during the pendency of this civil action and/or appeal thereof which have been designated as comprising or containing Confidential Information and Documents shall be filed under seal with the Court.  Such documents shall not be opened or the contents thereof be disclosed or revealed except upon (1) notice to the producing Party, (2) an opportunity to be heard, and (3) by Order of Court.  The Parties shall be responsible for the court's handling of the materials or documents designated as Confidential.

7. No later than 30 days after entry of final judgment no longer subject to further appeal, all parties and persons subject to the terms of this Stipulated Confidentiality Agreement and Protective Order shall assemble and return to counsel for the producing party all information and documents containing Confidential Information and Documents, all copies, summaries and abstracts thereof, all other documents, materials, memoranda or documents embodying data concerning said materials or containing confidential information, or certify the same has been destroyed.

SO STIPULATED AND AGREED:

| | |
|---|---|
| **RICCI TYRRELL JOHNSON & GREY** | **JOHN MURPHY & ASSOCIATES, P.C.** |
| *Counsel for Plaintiff,* | *Counsel for Defendants,* |
| *Springfield Remanufacturing Corp.* | *Leading Edge Power Solutions, LLC and BP-LEP Holdings, LLC.* |

*Francis J. Grey, Jr.*
Francis J. Grey, Jr., Esquire
NY Bar No. 5279724
1515 Market Street
Suite 1800
Philadelphia, Pennsylvania 19102
fgrey@rtjglaw.com
Telephone:  (215) 320-2079
Facsimile:  (215) 320-3260

*John Murphy*
John Murphy, Esquire
JM-5094
171 Madison Avenue, Suite 305
New York, New York, 10016
jmurphy@johnmurphylaw.com
Telephone: (646) 862-2012
Facsimile: (646) 513-4193

SO ORDERED.

Dated: January   3 , 2022
       New York, New York

_____
Katherine Polk Failla
United States District Judge

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____X
SPRINGFIELD REMANUFACTURING CORP.,   :
                                     :
                   PLAINTIFF,        :
                                     :
v.                                   :    CASE NO. 1:21-CV-07297-KPF
                                     :
LEADING EDGE POWER SOLUTIONS, LLC    :
                                     :    **NON-DISCLOSURE AGREEMENT**
AND                                  :
                                     :
BP-LEP HOLDINGS LLC,                 :
                                     :
                   DEFENDANTS.       :
_____X

I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order in the above-captioned action governing the non-disclosure of information and documents that have been designated as Confidential. I agree that I will not disclose such Confidential Information and Documents to anyone other than for purposes of the above-captioned action and that at the conclusion of the above-captioned action I will return all Confidential Information and Documents to the Party or attorney from whom I received it. By acknowledging these obligations under the Stipulated Confidentiality Agreement and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated:

**EXHIBIT A**